**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sergio VILLANUEVA–MADRIZ,
Defendant–Appellant.**

**No. 06–30423.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2007 *.

Filed May 29, 2007.

Frank R. Papagni, Jr., Esq., Office of the U.S. Attorney, Eugene, OR, R. Paul Frasier, Coos County District Attorney's Office, Coquille, OR, for Plaintiff–Appellee.

Laura Graser, Esq., Portland, OR, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

### MEMORANDUM **

Sergio Villanueva–Madriz entered a conditional guilty plea and was convicted of violating 8 U.S.C. § 1326 (deported alien found in the United States) and 21 U.S.C. § 841 (possession of methamphetamine with intent to distribute). On appeal, Villanueva–Madriz contends that the district court improperly denied his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Villanueva–Madriz contends that the methamphetamine discovered in the battery compartment of the van he was driving should have been suppressed for two reasons. First, Villanueva–Madriz contends that the stop was excessive in scope and duration. Second, Villanueva–Madriz contends that his consent to search was not knowing and voluntary. We find both of Villanueva–Madriz's arguments unpersuasive.

### 1. Scope and duration of the stop [1]

The scope of an investigative detention "must be carefully tailored to its underlying justification." *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). If the officer asks questions or investigates issues that go beyond the scope of the original justification for the stop, and this investigation prolongs the

detention, then the officer must have reasonable suspicion justifying a continued detention on the basis of these new matters. *See United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.2007) *cert. denied*, ——— U.S. ———, 127 S.Ct. 2277, 167 L.Ed.2d 1112 (2007).

To the extent Officer Katsikis prolonged the detention beyond the time reasonably needed to investigate the initial basis for the stop, he was justified in doing so. Based on Villanueva–Madriz's responses, Officer Katsikis was justified in suspecting and investigating whether Villanueva–Madriz was driving without a license, and whether he was driving a stolen vehicle. *See also United States v. Sharpe*, 470 U.S. 675, 688, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (A 20–minute stop is reasonable where "the police have acted diligently and a suspect's actions contribute[d] to the added delay about which he complain[ed].").

Accordingly, we agree with the district court that the scope and 29–minute duration of the stop were reasonable.

### 2. Knowing and voluntary consent to search

The district court did not clearly err in determining that Villanueva–Madriz voluntarily consented to the search. The officers' alleged violation of state law is irrelevant to the inquiry of whether consent to search is voluntarily given for Fourth Amendment purposes. *See United States v. Cormier*, 220 F.3d 1103, 1111–12 (9th Cir.2000). Officer Katsikis's and Offi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Villanueva–Madriz argued below that Officer Katsikis lacked reasonable suspicion to make the initial stop. To the extent that Villanueva–Madriz raised this issue on appeal, we reject it and hold that Officer Katsik-

is had reasonable suspicion to stop Villanueva–Madriz for driving 68–miles per hour in a 55–mile per hour zone. *See United States v. Mariscal*, 285 F.3d 1127, 1130 (9th Cir. 2002) (Suspicion is reasonable if it is "sufficient to cause an officer to believe that the driver has done something illegal.").

cer Davis's failure to specifically inform Villanueva–Madriz that he had a right to refuse consent is not controlling. *See United States v. Drayton,* 536 U.S. 194, 206, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002) (rejecting the suggestion that officers must inform a defendant that he has the right to refuse consent). Finally, the district court reasonably found that the language barrier, if any, did not render Villanueva–Madriz's consent involuntary.

Accordingly, the district court's denial of Villanueva–Madriz's motion to suppress and Villanueva–Madriz's conviction are AFFIRMED.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.